# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KRISTY VAUGHN,**

      **Plaintiff,**

**v.**                                              **Case No:   6:17-cv-1713-Orl-41KRS**

**GEMCO2, LLC, GARY E. MYERS and SCOTT A. MYERS,**

      **Defendants.**

## REPORT AND RECOMMENDATION
(And Directions to Clerk of Court)

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration following a hearing held on the motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR SANCTIONS (Doc. No. 34)
>
> **FILED:** October 1, 2018

### I. BACKGROUND.

On October 2, 2017, Plaintiff, Kristy Vaughn, filed a complaint against Defendants, GEMCO2, LLC; Gary Myers; and Scott Myers, seeking damages for alleged violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Doc. No. 1. Defendants were properly served and subsequently filed an answer to the complaint. Doc. Nos. 10–12, 19. Pursuant to the Court's Case Management and Scheduling Order ("CMSO"), the parties' mandatory initial disclosures were due by May 31, 2018; the discovery and mediation deadlines were October 1, 2018; the dispositive motions deadline is November 1, 2018; and the trial term begins on April 1, 2019. Doc. No. 27.

On August 30, 2018, Plaintiff filed a motion seeking an order compelling Defendants (1) to file a notice of related cases; (2) to provide Plaintiff their mandatory initial disclosures as required by Federal Rule of Civil Procedure 26(a); (3) to serve their answers to Plaintiff's interrogatories; and (4) to produce documents responsive to Plaintiff's requests for production. Plaintiff also sought an award of reasonable costs, including attorney's fees, incurred in filing the motion. Doc. No. 32. Defendants did not respond to the motion, and the motion was granted as unopposed on September 14, 2018. Doc. No. 33. I ordered that, on or before September 28, 2018, Defendants must file the notice of related cases, serve mandatory initial disclosures and sworn answers to Plaintiff's interrogatories, and provide documents responsive to Plaintiff's requests for production. *Id.* at 2. I also ordered Defendants to tender to Plaintiff's counsel, on or before September 28, 2018, $250 as partial compensation for the attorney's fees and costs incurred in filing the motion to compel. *Id.* I cautioned Defendants that failure to comply with the order could result in imposition of sanctions, which could include entry of a default judgment against them. *Id.* at 3.

On October 1, 2018, Plaintiff filed a motion for sanctions. Doc. No. 34. Plaintiff contended that Defendants had wholly failed to comply with the Court's order granting the motion to compel. *Id.* at 2. Therefore, Plaintiff sought the following sanctions against Defendants: (1) striking Defendants' answer to the complaint; (2) entering a default judgment against Defendants; (3) finding Defendants and their counsel in contempt of court; and (4) requiring Defendants and their counsel to pay reasonable expenses, including attorney's fees, caused by the failure to comply with the Court order. *Id.* I ordered counsel for Defendants, Erin Lockhart, to respond to the motion by October 12, 2018, and I scheduled a hearing on the motion for October 16, 2018. Doc. Nos. 36, 38.

In the response to the motion for sanctions, Attorney Lockhart essentially argued that because she had complied, or would soon comply, with the Court order on the motion to compel, the matter was resolved. Doc. No. 41. Therefore, she requested that the Court cancel the hearing on the motion for sanctions. *Id.* at 2. I declined to grant the affirmative relief requested in the response, and I stated that if Defendants sought affirmative relief, "they must do so in a motion supported by a certification pursuant to Local Rule 3.01 filed by a member in good standing of the Florida Bar and the Bar of this Court." Doc. No. 42. Attorney Lockhart subsequently renewed the request via motion, requesting cancellation of the hearing or to excuse the personal appearance of Defendants. Doc. No. 43. However, according to the website for the Florida Bar,[1] Attorney Lockhart was at the time she filed the motion not eligible to practice law in Florida. Accordingly, I denied the motion to cancel the hearing and found Defendants' personal appearance at the hearing essential. Doc. No. 44.

In the meantime, on October 9, 2018, the presiding District Judge issued an order requiring the parties to advise the Court on the status of mediation. Doc. No. 35. In Plaintiff's response, counsel indicated that two days prior to the scheduled mediation, Attorney Lockhart unilaterally cancelled the mediation and advised Plaintiff's counsel that she would reschedule it for a date in late October. Doc. No. 37. Plaintiff's counsel informed Attorney Lockhart that he would not oppose the rescheduling of mediation but advised her that she needed to obtain Court approval to extend the mediation deadline. *Id.* at 1–2; Doc. No. 37-1, at 6. Attorney Lockhart never filed a proper motion for court approval of an extension of time to conduct mediation.[2]

---

[1] Attorney Lockhart's Florida Bar profile is available at https://www.floridabar.org/directories/find-mbr/ by typing her name into the data fields. Via a phone call made by one of my law clerks to the Florida Bar on October 16, 2018, a representative indicated that Attorney Lockhart had paid her delinquent membership fees and petitioned for removal of the delinquency, but that the delinquency had not yet been removed. Ms. Lockhart's status has since been updated.

[2] In Defendants' response to the order regarding the status of mediation, Attorney Lockhart also

I held a hearing on Plaintiff's Motion for Sanctions on October 16, 2018. Doc. No. 46. Attorney Lockhart represented that on the day before the hearing, she provided to opposing counsel Defendants' sworn answers to Plaintiff's interrogatories and most of the documents responsive to Plaintiff's requests for production. She also delivered a check in the amount of $250 payable to counsel for Plaintiff's law firm to one of the law firm's offices. She represented that Defendants had provided her documents responsive to the requests for production, but she had failed to timely deliver them to Plaintiff. She stated that she had not submitted the interrogatories to her clients so that she could timely serve responses, and that she intended to file a notice of related cases. In addition, she acknowledged that she cancelled the mediation, had not rescheduled it to take place on or before October 1, 2018, and had not obtained an extension of time to conduct mediation from the Court. Finally, Attorney Lockhart admitted that her Florida Bar membership became delinquent on October 1, 2018 for failure to timely pay her membership dues. She indicated that she paid her dues on October 15, 2018, and she provided a receipt reflecting such payment to the Court.

Based on this procedural history, I will address on the Court's own motion whether Defendants and/or Attorney Lockhart should be sanctioned pursuant to Federal Rule of Procedure 16 for failure to comply with the mediation deadline in the CMSO in addition to the relief requested in Plaintiff's Motion for Sanctions. I will also discuss whether sanctions should be imposed on Attorney Lockhart for her violations of Court orders and her practice of law in this Court when she was not a member in good standing of the Florida Bar.

---

asked the Court for additional time to conduct mediation. Doc. No. 39. As before, I declined to grant affirmative relief that was not requested in a proper motion. Doc. No. 45.

**II.   APPLICABLE LAW.**

   *A.   Violation of a Discovery Order.*

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), a court may order sanctions against a party for failing to obey a court order "to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)."  These sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  In addition to, or instead of, the above-listed sanctions, a court must order the offending party, the party's attorney or both to pay reasonable expenses caused by the failure, including attorney's fees, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  "[D]iscovery conduct should be found substantially justified if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  *Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2009 WL 10667497, at *3 (S.D. Fla. Feb. 11, 2009) (internal quotation marks and citations omitted).

### B. *Violation of a Scheduling Order.*

Federal Rule of Civil Procedure 16(f)(1)(C) provides that if a party or the party's attorney disobeys a scheduling order or other pretrial order, the Court may on its own motion issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii). "Instead of or in addition to any other sanction, the court must order the party, the attorney advising the conduct, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

"The purposes of this wide range of sanctions authorized by Rule 16(f) are to allow for punishment of lawyers and parties for unreasonably delaying or otherwise interfering with the court's ability to manage trial preparation expeditiously, to prevent unfair prejudice to the litigants, and to ensure the integrity of the discovery process." *Hicks*, 2009 WL 10667497, at *3 (citations omitted). Issuance of monetary and other sanctions under Rule 16(f) for violations of scheduling or other pretrial orders falls within the Court's discretion. *Id.* (citing *In re Louis J. Pearlman Enters., Inc.*, 398 B.R. 59 (Bankr. M.D. Fla. 2008)).

### C. *Misconduct by Counsel.*

"[D]eeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.'" *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985) (quoting *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 888 n.10 (5th Cir. 1968)). Invocation of a court's inherent authority requires a finding of bad faith, *In re Mroz*, 65 F.3d 1567, 1575–76 (11th Cir. 1995) (citations omitted), which can be demonstrated by "delaying or disrupting the litigation, or hampering enforcement of a court order," *In re Walker*, 532 F.3d

1304, 1309 (11th Cir. 2008). Before a court may impose sanctions under its inherent authority, "[d]ue process requires that the attorney . . . be given fair notice that his conduct may warrant sanctions and the reasons why. . . . In addition, the accused must be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions." *In re Mroz*, 65 F.3d at 1575–76 (citations omitted).

### III. ANALYSIS.

#### A. *Plaintiff's Motion for Sanctions.*

Plaintiff's motion for sanctions arises from Defendants' failure to comply with the order compelling them to file a notice of related cases, serve their initial disclosures and their sworn answers to interrogatories, and produce documents responsive to Plaintiff's requests for production on or before September 28, 2018. The order also required Defendants to tender $250 to counsel for Plaintiff on or before September 28, 2018, to compensate Plaintiff, in part, for the reasonable costs, including attorney's fees, Plaintiff incurred in filing the motion to compel. In the order, I warned Defendants that failure to comply with the order could result in sanctions, including entry of a default judgment against them. Doc. No. 33.

It is undisputed that Defendants did not file a notice of related cases, serve their initial disclosures and sworn answers to interrogatories, produce documents response to Plaintiff's requests for production and deliver the $250 payment to Plaintiff's counsel by September 28, 2018. Defendants served their initial disclosures and sworn answers to interrogatories and produced documents on October 15, 2018, only one day before the hearing on Plaintiff's Motion for Sanctions. Counsel for Defendants delivered a check for $250 to an office of the law firm with which counsel for Plaintiff is affiliated, not directly to counsel. As of the writing of this Report and Recommendation, Defendants have still not filed a notice of related cases.

At the hearing, Attorney Lockhart represented that Defendants timely provided her the documents responsive to Plaintiff's requests for production, but she did not comply with the discovery order that required production on or before September 28, 2018 because of her busy work schedule as a solo practitioner and because she overlooked the deadline. Nonetheless, Attorney Lockhart contended that Plaintiff suffered no harm from her failure because the required documents and responses to interrogatories had been produced, and the Court could extend deadlines in the case to provide Plaintiff an opportunity to review the recently produced discovery and conduct depositions.

Defendants' failure to comply with my order compelling discovery is subject to sanctions under Federal Rule of Civil Procedure 37(b)(2)(A). Notably, there is no exception to imposition of sanctions for violation of a discovery order based on substantial justification or that the failure to comply was harmless. *Seven Arts Pictures, Inc. v. Jonesfilm*, 512 F. App'x 419, 422 n.4 (5th Cir. 2013) ("The court need not consider a litigant's 'substantial justification' except as a reason not to require the litigant to pay otherwise mandatory attorney's fees." (citing Fed. R. Civ. P. 37(b)(2)(C)). Instead, Rule 37 requires only non-compliance with a discovery order for imposition of sanctions. Thus, the motion for sanctions for violation of the order compelling discovery is well taken.

    *B.*    *Violation of the CMSO.*

As discussed above, the CMSO required mediation to be completed by October 1, 2018. Attorney Lockhart unilaterally canceled the mediation that was scheduled in September 2018. Doc. 37-1, at 1. The only explanation Attorney Lockhart offered to the Court for her violation of the CMSO is "the personal nature of the need to reschedule [that] was ongoing in nature on September 19, 2108 through the following work week," which "resulted in a fair amount of backlog to work through the following week," and that "rescheduling of the mediation seems to have 'slipped

through the cracks[.]'"  Doc. 39, at 1-2.  None of these reasons provide any support for Attorney Lockhart's failure to reschedule the mediation to occur by the CMSO deadline or her failure to file a proper motion before October 1, 2018 to enlarge the time to conduct mediation.

The CMSO in this case provides, "The Court will impose sanctions on any party or attorney . . . who . . . fails to comply with this order.  Sanctions may include but are not limited to an award of reasonable attorney's fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court."  Doc. No. 27, at 11 § VI.  The CMSO is consistent with Rule 16(f), which authorizes sanctions against a party, a party's attorney, or both for failing to obey a scheduling order.  Fed. R. Civ. P. 16(f)(1)(C).  Because the violation of the CMSO was committed by Attorney Lockhart, not by Defendants, she is subject to sanctions.

    C.    *Sanctions Under Rules 16(f)(1)(C) and Rule 37(b)(2)(A).*

Plaintiff asks that the Court strike Defendants' pleadings, enter a default against Defendants and enter a default judgment in favor of Plaintiff.  These sanctions are permitted under both Rule 16(f) and Rule 37(b)(2)(A).  However, before imposing the severe sanction entry of a default judgment, the Court must consider whether less drastic sanctions could ensure compliance with the court's orders.  Additionally, to enter a default judgment against Defendants, the Court must find that Defendants acted willfully or in bad faith.  *Sec'y of Labor v. Caring First, Inc.*, No. 6:15-cv-1824-ORL-41GJK, 2017 WL 4764350, at *2 (M.D. Fla. Oct. 20, 2017) (citing *Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001)).

In this case, it appears that the failure to comply with the Court's discovery order and the CMSO mediation deadline resulted solely from misconduct by Attorney Lockhart, not from misconduct by the Defendants.  There is no evidence that the Defendants themselves were personally responsible for the failure to produce discovery and pay fees in violation of the Court

order. Rather, Attorney Lockhart represented that Defendants provided her with documents responsive to discovery and that she did not submit the interrogatories to her clients and obtain sworn responses so that she could timely serve them.

"While we are mindful of the fact that a client is to be held accountable for his attorney's conduct," courts have been less willing to affirm imposition of case-terminating sanctions – dismissal with prejudice or entry of a default judgment – when the party "was not actually culpable." *Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir. 1982)(internal citations omitted). "However, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant," a case-terminating sanction can be appropriate. *See Goforth v. Owens*, 766 F.2d 1533, 1536 (11th Cir. 1985).

There is no doubt that Plaintiff has been prejudiced by the misconduct of Defendants and Attorney Lockhart. The discovery period closed before answers to interrogatories were served and documents were provided. Plaintiff was not able to schedule depositions or obtain other follow-up discovery due to Defendants' failure to obey the Court's discovery order. Plaintiff cannot file a motion for summary judgment by the November 1, 2018 deadline because she has not been able to complete discovery. Extending the CMSO deadlines would necessarily delay resolution of the case.

The record also supports a finding that Attorney Lockhart will not be compliant with the rules and orders of the Court going forward. As of the writing of this order, she still has not filed a motion to enlarge the mediation deadline despite being specifically advised that she must make requests for affirmative relief by motion. Doc. 42, 45. At the hearing on the motion for sanctions, I offered Defendants the opportunity to engage in settlement discussions with counsel for Plaintiff using my courtroom, but Attorney Lockhart declined the offer, stating that her clients would not

make a settlement offer until Plaintiff lowered her settlement demand. I also offered Defendants an opportunity to have a settlement conference before a Magistrate Judge, but Attorney Lockhart also declined that offer.

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982). Under the circumstances of this case, I recommend that the Court find that entry of a default against Defendants is the least severe sanction available to punish the conduct of Attorney Lockhart on behalf of Defendants that has unreasonably delayed the litigation in this case. *Goforth,* 766 F.2d at 1535. This sanction will permit Plaintiff to file a motion for a default judgment in which she must establish that the well-pleaded facts in the complaint are sufficient to establish each Defendant's liability. It will also permit Plaintiff to present evidence of damages, attorney's fees and costs.

Additionally, I recommend that Attorney Lockhart be required to personally pay the reasonable expenses, including attorney's fees, Plaintiff incurred by Attorney Lockhart's failure to cause her clients to comply with the discovery order and the CMSO. These failures were not harmless, and Attorney Lockhart has not shown that the failures were substantially justified. *See Starling v. Bd. of Cty. Comm'rs*, No. 08-80008-Civ, 2008 WL 11331818, at *3 (S.D. Fla. Aug. 5, 2008) (finding counsel's explanation that he was a solo practitioner under "the press of other business" was not substantial justification sufficient to avoid imposition of attorney's fees sanction under Rule 37 for failure to comply with discovery obligations). Because counsel for Plaintiff has not provided evidence of these reasonable expenses, including attorney's fees, I recommend that he be given an opportunity to do so by separate motion after conferring with Attorney Lockhart in a good faith effort to resolve the amount to be paid.

### D. *Misconduct by Counsel.*

Attorney Lockhart has engaged in a pattern of misconduct in this case to the detriment of her clients' interests. As of the writing of this Report and Recommendation, she has not filed a Notice of Related Cases in violation of Court orders (Doc Nos. 5, 33). She did not file a response to a motion to compel (Doc. No. 32). She failed to comply with a discovery order (Doc. No. 33). She unilaterally canceled mediation, failed to reschedule it before the mediation deadline in the CMSO, and as of the writing of this Report and Recommendation, she has not filed a proper motion to extend the time to conduct mediation. Most egregiously, she practiced law in this Court after October 1, 2018, when she became ineligible to practice law in Florida, despite notice from the Court that it appeared she was not eligible to practice law in Florida (Doc. Nos. 42, 44).

Imposition of sanctions under the Court's inherent power is within the exercise of the Court's discretion. The key to unlocking a court's inherent power is a finding of bad faith. *See In re Mroz,* 65 F.3d at 1575. A party "demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)(citing *Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 649 (9th Cir. 1997)). Courts have imposed a variety of sanctions, including mandatory continuing legal education requirements, *see, e.g.*, *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 456 (S.D.N.Y. 2011); *Roy v. Am. Prof'l Mktg., Inc.*, 117 F.R.D. 687, 693 (W.D. Okla. 1987), or referring the attorney for disciplinary review by the relevant bar association, *see, e.g.*, *Ball v. City of Chicago*, 2 F.3d 752, 758 (7th Cir. 1993) (collecting cases). I note that Local Rule 2.04(e)(1) expressly permits the Court to refer "[a]ny matter or question touching upon the professional behavior of a member of the bar" to a Grievance Committee established in this Division of the Court.

Accordingly, I recommend that the Court order Attorney Lockhart to appear before the Court and show cause why she should not be sanctioned based on her pattern of litigation misconduct in this case.

## IV.   RECOMMENDATIONS.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT in part** Plaintiff's Motion for Sanctions (Doc. No. 34);

2. **DIRECT** the Clerk of Court to strike the Defendants' answer (Doc. No. 80) and enter defaults against Defendants;

3. **ORDER** Plaintiff to file a motion for default judgment within a time specified by the Court, with supporting evidence on the issues of damages, attorney's fees and costs;

4. **ORDER** Plaintiff to recover from Attorney Lockhart the reasonable expenses, including attorney's fees and costs, Plaintiff incurred in filing the motion for sanctions and **PERMIT** counsel for Plaintiff to file a motion for assessment of such expenses after conferring with counsel for Defendants in a good faith attempt to resolve the issue; and,

5. **ISSUE** an order requiring Attorney Lockhart to appear at a hearing before the presiding District Judge and show cause why the Court should not impose additional sanctions or other discipline based upon her conduct in this Court.

The **Clerk of Court** is **DIRECTED** to mail a copy of this Report and Recommendation to

Defendant Gary Myers at 317 Feather Place, Longwood, Florida 32779, and Defendant Scott Myers at 408 Thoroughbred Way, DeLand, Florida 32724.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

It is **ORDERED** that a party who objects to this Report and Recommendation must file with the objection a transcript of the hearing conducted on October 16, 2018.

Recommended in Orlando, Florida on October 31, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy